IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UJU ONUACHI,<br><br>              Plaintiff,<br><br>vs.<br><br>MASTER BUILDERS, INC. d/b/a HARRY S. PETERSON COMPANY; HARRY S. PETERSON COMPANY; WESTERN WATERPROOFING CO., INC., a subsidiary of the Western Group; THE ALLIANCE GROUP INC.; MEYLAN ENTERPRASISE INC.; ALEGENT HEALTH IMMANUEL MEDICAL CENTER; BODO W. TREU, MD; DAVID A. STERNS, MD; REBECCA S. RUNDLETT, MD; DENNIS R. RIEKENBERG; JOHN R. TIMMERMIER; and JOHN K. GREEN;<br><br>              Defendants. | 4:17CV3114<br><br>ORDER TO<br>SHOW CAUSE |

      This matter is before the Court after review of the Plaintiff's Complaint (Filing No. 1) and Attachments (Filing No. 2), both filed on August 29, 2017.

      "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citing *Philbrook v. Glodgett*, 421 U.S. 707 (1975)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "[C]onclusory allegations do not provide an adequate basis for determining this court's jurisdiction." *Jil McCorkindale v. Am. Home Assurance Co./A.I.C.*, 909 F. Supp. 646, 656 (N.D. Iowa 1995).

      A district court can attain subject-matter jurisdiction under federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331-32. A district court's federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Diversity jurisdiction is limited to cases in which the "controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  See 28 U.S.C. § 1332(a).  "[P]ro se complaints are to be construed liberally[.]" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

Construing Plaintiff's complaint liberally, the Complaint fails to show any manner in which this court could find a basis for jurisdiction based on either diversity of citizenship or a federal question arising under the Constitution, law, or treaties of the United States.  *See* 28 U.S.C. § 1331, 1332.

First, diversity jurisdiction does not exist.  Although Plaintiff has alleged damages in excess of the jurisdictional threshold under 28 U.S.C. § 1332, the record reflects there is no diversity of citizenship.  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  The Complaint and the Summons show that both Plaintiff and multiple named defendants are Nebraska residents.  (Filing No. 1 at pp. 2-4; Filing Nos. 8-15).

Additionally, no federal cause of action or basis for federal court jurisdiction is apparent from the Complaint.  Plaintiff's Complaint states that his causes of action arise out of low back injuries and phrenic nerve palsy injuries he sustained in an on-the-job accident in 1999.  (Filing No. 1 at p. 4).  Plaintiff pursued these claims in the Nebraska Workers' Compensation Court and the Nebraska Court of Appeals between 2000 and 2014.  Plaintiff alleges numerous frauds were perpetrated upon him and the Nebraska courts during the workers' compensation proceedings by various health care providers, his attorneys, and his employers.  Plaintiff's Complaint appears to allege claims under Nebraska state law for medical malpractice, fraud, legal malpractice, or other torts.  For a federal court to have jurisdiction under the federal question jurisdictional statute, 28 U.S.C. § 1331, the plaintiff must assert a substantial claim arising under federal law.  Even liberally construing Plaintiff's Complaint, he does not state any claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331.  Accordingly, Plaintiff shall have an opportunity to show cause why this matter should not be summarily dismissed for lack of subject matter jurisdiction.

**IT IS ORDERED:**  Plaintiff shall have to **September 27, 2017**, to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Dated this 13th day of September, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge